IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATIONAL WILDLIFE REFUGE
ASSOCIATION, DRIFTLESS AREA LAND
CONSERVANCY, WISCONSIN WILDLIFE
FEDERATION, & DEFENDERS OF WILDLIFE,

         Plaintiffs,

v.

RURAL UTILITIES SERVICE, CHRISTOPHER
MCLEAN, Acting Administrator, Rural Utilities
Service, UNITED STATES FISH AND WILDLIFE
SERVICE, CHARLES WOOLEY, Midwest Regional
Director, & SABRINA CHANDLER, Manager, Upper
Mississippi River National Wildlife and Fish Refuge,

         Defendants,
 and

AMERICAN TRASMISSION COMPANY, LLC,
DAIRYLAND POWER COOPERATIVE, & ITC
MIDWEST LLC,

         Intervenor-Defendants.

OPINION AND ORDER

21-cv-96-wmc

---

On February 10, 2021, plaintiffs National Wildlife Refuge Association, Driftless Area Land Conservancy, Wisconsin Wildlife Federation, and Defenders of Wildlife filed suit against defendants Rural Utilities Service ("RUS"), which is a part of the U.S. Department of Agriculture, U.S. Fish and Wildlife Services ("USFWS"), and three administrators, all sued in their official capacity. Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, plaintiffs challenge the actions of these two agencies and their administrators related to the Cardinal-Hickory Creek Project, a 101 mile transmission line slated to run from Dane County, Wisconsin, through southwest Wisconsin, and ending in

Dubuque County, Iowa ("the Line" or "the Transmission Line"). Specifically, plaintiffs claim that with respect to the proposed Transmission Line: (1) the Environmental Impact Statement prepared by RUS failed to comply with the requirements of the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*; and (2) the Compatibility Determination prepared by USFWS failed to comply with the requirements of the National Wildlife Refuge System Improvement Act of 1997, 16 U.S.C. §§ 668dd-668ee. Accordingly, plaintiffs seek to vacate these agency actions, effectively preventing (or at least delaying completion of) the Transmission Line project.

Now before the court is a motion to intervene by American Transmission Company LLC (by its corporate manager ATC Management Inc.) ("ATC"), ITC Midwest LLC ("ITC"), and Dairyland Power Cooperatives ("Dairyland") (dkt. #18), as well as various motions for leave to file briefs related to this motion (dkts. #32, 33, 34). Plaintiffs represent that they take "no position" on whether the proposed intervenors meet the requirements for intervention under the Federal Rules of Civil Procedure, but "do not oppose the Transmission Companies' intervention so long as it is explicitly conditioned on an expedited briefing schedule." (Pls.' Resp. (dkt. #31) 4.)

The proposed intervenors are all private transmission companies that developed the Transmission Line project, and they will each own a portion of the Line once it is completed. They argue that they are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), which provides in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction

>that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).[1] Thus, a party is entitled to intervene as of right if "(1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest." *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657-58 (7th Cir. 2013)

In a related case, the Seventh Circuit reversed this court's previous denial of the same three transmission companies' motions to intervene. *See Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 749 (7th Cir. 2020). In that case, the plaintiffs had filed suit against the Public Service Commission of Wisconsin and its Commissioners for allegedly approving the Line in violation of their due process rights and protection from unconstitutional taking. *Id.* at 745. After concluding that prerequisites for intervention of right under Rule 24(a) were satisfied with respect to ATC, ITC, and Dairyland, the Seventh Circuit remanded with instructions to permit the companies to intervene. *Id.* at 749.

As in *Driftless*, the proposed intervenors' motion here meets all four of the requirements for intervention as of right. First, their motion is timely, as it was submitted only two months after plaintiffs filed their complaint with this court and well before

---

[1] In the alternative, they seek to intervene permissively under Rule 24(b), but the court need not reach this argument as it agrees that the companies are entitled to intervene under Rule 24(a).

3

defendants' responsive pleading deadline.[2]  Second, as well as third, the proposed intervenors possess an obvious interest related to the subject matter of the litigation, which could be impaired by a disposition of the action, as plaintiffs' requested injunctions would prevent or at least delay the Transmission Line project in which the proposed intervenors have a direct financial interest in.  Fourth, the named parties do not adequately represent the transmission companies' unique financial interest in the construction of the Line.  *See Driftless*, 969 F.3d at 749 (holding that while existing governmental defendants could "be expected to mount a vigorous defense against the plaintiffs' attack . . . the power-line project itself, and the permit necessary to construct it, belong to the transmission companies").

The next issue to address is plaintiffs' request for an expedited schedule as a "condition" of the transmission companies' intervention, specifically request a full decision on the merits by October 2021.[3]  Although this request purports to be a response to the intervention motion, it is on its face a more general request to set a fast-track schedule for *all* parties.  Noticing this, both the federal defendants' and the proposed intervenors sought

---

[2] Although plaintiffs filed their complaint on February 10, 2021, they did not properly serve the U.S. Attorney until March 17, 2021. (Dkt. #11.)  Federal Rule of Civil Procedure 12(a)(2) provides that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."  Thus, defendants' responsive pleading deadline is May 17, 2021.

[3] Plaintiffs also suggest that the transmission companies' intervention should be conditioned on a construction standstill by the transmission companies if a briefing schedule cannot be set that allows for the court to determine and decide plaintiffs' claims prior to October of 2021.  The transmission companies understandably oppose this request.  Even if the court *could* impose conditions on the transmission companies' intervention, *see infra* p.5, it would not as this request is an improper attempt to secure injunctive relief without going through the necessary procedures.

leave to file a reply to plaintiffs' response, objecting to the form and substance of plaintiffs' request. (Dkts. #32, 33.) Plaintiffs then sought leave to file a sur-reply. (Dkt. #34.) Although unnecessary, the court will grant those motions and has considered each of the parties' proposed briefs.

As a procedural matter, the court has substantial doubt as to its authority to impose conditions on the transmission companies' intervention as of right. While a court may certainly impose conditions on a parties' permissive intervention under Rule 24(b), *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019), whether this extends to parties *entitled* to intervene under Rule 24(a) is less clear. *See* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) ("It had been supposed, though one or two cases may be to the contrary, that conditions could not be imposed on one who intervened of right and that such an intervenor had all the privileges of an original party. Rule 24(a) does not explicitly authorize the imposition of conditions and the court, in theory at least, has no discretion to refuse intervention to one who satisfies the requirements of that rule."). This issue need not be resolved here, however, as the scheduling issue raised by plaintiffs concerns all parties and is properly considered separately from the motion to intervene. Indeed, while having every right to intervene, transmission companies will have to abide by the schedule set by this court, just as will the other parties in suit. *See* Fed. R. Civ. P. 16(b).

As to the merit of plaintiffs' request for an expedited schedule itself, they represent that the transmission companies have already begun to remove trees and other vegetation and begun preliminary construction on the Line. While purporting to "reserve the right to

move for preliminary injunctive relief," plaintiffs' position is that an expedited schedule would better conserve judicial resources. (Pls.' Resp. (dkt. #31) 5.) The federal defendants argue that: (1) they have been and remain willing to cooperate with plaintiffs on a litigation schedule, but argue the schedule proposed by plaintiffs is unworkable; (2) plaintiffs' request is procedurally improper as it attempts "to use a response to a motion to intervene to unilaterally dictate the schedule for this case"; (3) the urgency expressed by plaintiffs is in part of their own making, as they waited between five and fourteen months after the final agency actions at issue in this case to file their lawsuit; and (4) plaintiffs have signaled their intent to file claims against the U.S. Army Corps of Engineers but have not yet done so, further cautioning against rushing ahead. (Defs.' Reply (dkt. #32-1) 1-3.) In their reply, plaintiffs represent that they are "of course willing and ready to work out a reasonable briefing schedule with both the Defendants and the proposed Intervenors," but continue to press their request for expedited briefing. (Pls.' Reply (dkt. #34-1) 3.)

At best, plaintiffs' request is premature. Federal Rule of Civil Procedure 16(b) provides that a scheduling order should be issued either (1) after receiving the parties' Rule 26(f) report or (2) after consulting with the parties at a scheduling conference. Since neither has occurred yet, the court issuing a schedule *sua sponte* would be both inappropriate and presumptuous, especially in light of the parties' expressed willingness to work together to come up with a workable proposal. Nevertheless, recognizing the stakes for all parties, the court will set an early preliminary pretrial conference to discuss an appropriate schedule to be set in this case.

ORDER

IT IS ORDERED that:

1) Intervenor-defendants' motion to intervene (dkt. #18) is GRANTED.

2) Defendants' motion to leave to file a reply brief (dkt. #32) is GRANTED.

3) Intervenor-defendants' motion for leave to file a reply brief (dkt. #33) is GRANTED.

4) Plaintiffs' motion for leave to file a reply brief (dkt. #34) is GRANTED.

5) An expedited pretrial conference shall be held on Wednesday, May 19, 2019, at 2:00 p.m.; with the Rule 26(f) disclosure report due May 14, 2021. Counsel for plaintiffs responsible for setting up the call to chambers at (608) 264-5153. Standing Order Governing Preliminary Pretrial Conference attached.

Entered this 6th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge