IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATIONAL WILDLIFE REFUGE ASSOCIATION,
et al.,

      Plaintiffs,

      v.                                                       Case No. 3:21-cv-00096-wmc

RURAL UTILITIES SERVICE, et al.,

      Federal Defendants,

AMERICAN TRANSMISSION COMPANY, LLC.,

      Intervenor-Defendants.

---

NATIONAL WILDLIFE REFUGE ASSOCIATION,
et al.,

      Plaintiffs,

      v.                                                       Case No. 3:21-cv-00306-wmc

ARMY CORPS OF ENGINEERS, et al.,

      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO CONSOLIDATE**

Pursuant to Federal Rule of Civil Procedure 42(a), the parties[1] respectfully submit this Memorandum of Law in Support of Joint Motion to Consolidate the above-captioned cases, which

---

[1] Plaintiffs in both cases are the National Wildlife Refuge Association ("NWRA"), Driftless Area Land Conservancy, Wisconsin Wildlife Federation, and Defenders of Wildlife. Federal Defendants in *NWRA v. RUS* are the Rural Utilities Service ("RUS"); Christopher McLean, in his

1

are both pending before this Court. Because the claims in these cases share common questions of law and fact, the parties agree that consolidation for all purposes would expedite and economize their resolution.

I.  BACKGROUND

   A.  *NWRA v. RUS*

*NWRA v. RUS*, Case No. 21-cv-00096, was filed on February 10, 2021. In that case, Plaintiffs seek judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06, of certain RUS and USFWS actions regarding the Cardinal-Hickory Creek Project ("CHC Project"). The CHC Project will involve the construction of a 345-kV transmission line between Dane County, Wisconsin, and Dubuque County, Iowa, and construction of or upgrades to other transmission facilities, such as substations and existing transmission lines. *See* Record of Decision, Ex. A to Compl., *NWRA v. RUS*, ECF No. 1-7, Page 7 of 58. Intervenor-Defendants are private entities that will construct, own, and operate the CHC Project. Compl., *NWRA v. RUS*, ECF No. 1, ¶ 25.

In Count One, Plaintiffs allege that the RUS Record of Decision approving an Environmental Impact Statement for the CHC Project, which was signed by cooperating agency USFWS, violates the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and

---

official capacity as Acting Administrator, RUS; United States Fish and Wildlife Service ("USFWS"); Charles Wooley, in his official capacity as Midwest Regional Director, USFWS; and Sabrina Chandler, in her official capacity as Manager, Upper Mississippi River National Wildlife and Fish Refuge, USFWS. Intervenor-Defendants in *NWRA v. RUS* are American Transmission Company, LLC, ITC Midwest LLC, and Dairyland Power Cooperative. Federal Defendants in *NWRA v. Corps* are the United States Army Corps of Engineers ("Corps"); Lieutenant General Scott A. Spellmon in his official capacity as Chief of Engineers and Commanding General, Corps; Colonel Steven Sattinger in his official capacity as Commander and District Engineer, Rock Island District, Corps; and Colonel Karl Jansen in his official capacity as Commander and District Engineer, St. Paul District, Corps.

related regulations. *Id.* ¶ 144. In Count Two, Plaintiffs allege that USFWS's issuance of a Compatibility Determination and grant of a right-of-way permit for the transmission line to cross the Upper Mississippi National Wildlife and Fish Refuge ("Refuge") violates the National Wildlife Refuge System Improvement Act of 1997 ("National Refuge Act"), 16 U.S.C. §§ 668dd–668ee, and related regulations. *Id.* ¶ 198.

    **B.**    *NWRA v. Corps*

In *NWRA v. Corps*, Case No. 21-cv-00306, filed on May 5, 2021, Plaintiffs seek judicial review, under the APA, of certain Corps agency actions regarding or relied upon for the CHC Project, including the Corps' reliance on the same Environmental Impact Statement that is the subject of Count One in *NWRA v. RUS*. Plaintiffs assert five claims, alleging generally that: (1) two of the Corps' general permits for utility lines—Nationwide Permit 12 and the St. Paul District's Utility Regional General Permit—violate NEPA, *NWRA v. Corps*, Compl., ECF No. 1, ¶¶ 91-92; (2) those general permits violate the Clean Water Act, *id.* ¶ 98; (3) those general permits violate the Endangered Species Act, *id.* ¶¶ 100-110; (4) the Corps' Record of Decision approving the Environmental Impact Statement for the CHC Project violates NEPA, *id.* ¶ 182; and (5) the Corps' general permit verifications for the CHC Project violate the Clean Water Act, *id.* ¶¶ 206-07.

**II.**    **LEGAL STANDARD**

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions that involve a common question of law or fact. The decision to consolidate "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994); *See Sandisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1068 (W.D. Wis. 2008) ("It is within the court's broad managerial discretion to prevent unnecessary duplication of effort in

3

related cases through consolidation or other means.") (internal quotation marks and citation omitted). "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (internal quotation marks and citation omitted). Consolidation is a matter of "convenience and economy in administration" and "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (footnote and citations omitted).

## III. ARGUMENT

The parties agree that consolidation of *NWRA v. Corps* with this action is appropriate and would promote judicial economy. The cases share common questions of law and fact. In each case, Plaintiffs challenge federal agency actions related to the CHC Project under the APA. The claims challenging the sufficiency of the CHC Project Environmental Impact Statement in particular involve overlapping legal and factual issues, with many common allegations in both Complaints. *Compare NWRA v. Corps*, Compl. ECF No. 1 ¶¶ 112-182, *with NWRA v. RUS*, Compl., ECF No. 1, ¶¶ 76-145. Moreover, these cases also include overlapping parties—the same group of Plaintiffs filed both actions, and Intervenor-Defendants in *NWRA v. RUS* also intend to move to intervene in *NWRA v. Corps*. The similarity of the facts and legal issues in these cases merits consolidation.

Convenience and judicial economy likewise weigh in favor of consolidation. Consolidating these cases would conserve judicial resources and allow the parties to save time and expense. Both cases are already before the same U.S. District Judge and involve common

4

questions of law and fact. Absent consolidation, the Court and the parties would likely expend additional time and resources to brief, argue, and resolve these related cases.

Further, consolidating the two cases would not create undue delay in either case. In *NWRA v. Corps*, the parties are prepared to adopt the schedule ordered by the Court in *NWRA v. RUS*, ECF No. 42, for the deadlines related to the submission of administrative records, any disputes relating to the administrative records, and summary judgment briefing on the merits of the claims in the complaints. Accordingly, based on the close relationship between these cases, the Court should grant the parties' Joint Motion to Consolidate under Federal Rule of Civil Procedure 42(a).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the parties' Joint Motion to Consolidate.

Respectfully submitted June 3, 2021,

Attorneys for Plaintiffs:

*/s/ Howard Learner*
Howard A. Learner
Scott Strand
Rachel L. Granneman
Ann Jaworski
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
T: (312) 673-6500
F: (312) 795-3730
HLearner@elpc.org
SStrand@elpc.org
RGranneman@elpc.org
AJaworski@elpc.org

*Counsel for Plaintiffs National Wildlife Refuge Association, Driftless Area Land Conservancy, Wisconsin Wildlife Federation, and Defenders of Wildlife*

Attorneys for Federal Defendants:

JEAN E. WILLIAMS
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Leslie Coleman*
LESLIE COLEMAN (NY Atty. Reg. No. 5252788)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
999 18th St.
South Terrace, Suite 370
Denver, CO 80202
leslie.coleman@usdoj.gov | (303) 844-1363

ANDREW A. SMITH (NM Bar 8341)
Senior Trial Attorney
U.S Department of Justice

                                        Environment & Natural Resources Division
                                        c/o United States Attorney's Office
                                        201 Third Street, N.W., Suite 900
                                        P.O. Box 607
                                        Albuquerque, NM 87103
                                        andrew.smith@usdoj.gov | (505) 224-1468

                                        *Attorneys for* NWRA v. RUS *Federal Defendants*


                                        */s/ Miranda M. Jensen*
                                        MIRANDA M. JENSEN (DC Bar 1617421)
                                        BENJAMIN CARLISLE (NY Bar #: 4734612)
                                        JACOB D. ECKER (Texas Bar No. 24097643)
                                        DEVON LEA FLANAGAN (DC Bar 1022195)
                                        U.S. Department of Justice
                                        Environment & Natural Resources Division
                                        P.O. Box 7611
                                        Ben Franklin Station
                                        Washington, DC 20044
                                        miranda.jensen@usdoj.gov | (202) 598-3071
                                        benjamin.carlisle@usdoj.gov | (202) 514-9771
                                        jacob.ecker@usdoj.gov | (202) 305-0466
                                        devon.flanagan@usdoj.gov | (202) 305-0201

                                        *Attorneys for* NWRA v. Corps *Federal Defendants*

Attorneys for Intervenor-Defendants:

s/ *Thomas C. Jensen*
Thomas C. Jensen
Edward A. Boling
Stacey Bosshardt
**PERKINS COIE LLP**
700 Thirteenth St. NW Suite 800
Washington, D.C. 20005-3960
Tel: (202) 654-6200
Fax: (202) 654-6210
TJensen@perkinscoie.com
TedBoling@perkinscoie.com
SBosshardt@perkinscoie.com

*Attorneys for Intervenor-Defendants*
*American Transmission Company LLC by its corporate manager, ATC Management Inc.*,

*ITC Midwest LLC and
Dairyland Power Cooperative.*